IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00177-F-2
No. 5:13-CV-00337-F

| | | |
|---|---|---|
| TERRELL CAVINESS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-121] Terrell Caviness' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-114]. Also before the court are Caviness' Motion for Discovery [DE-126] and two Motions to Amend [DE-124, DE-128]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED and Caviness' Motion for Discovery is DENIED. Additionally, Caviness' first Motion to Amend is DENIED and his second Motion to Amend is DISMISSED as time-barred.

**Factual and Procedural Background**

On June 18, 2009, Caviness and a co-defendant were charged in a single-count indictment. *See* Indictment [DE-7]. In Count One, Caviness was charged with conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846.

Caviness' arraignment was held on April 13, 2010. At his arraignment, pursuant to a written plea agreement [DE-50], Caviness pled guilty to Count One of the indictment. On

November 9, 2010, Caviness was sentenced to 180 months' imprisonment. *See* Judgment [DE-59].

Caviness filed two Notices of Appeal [DE-61, DE-63]. In an order entered on December 13, 2011 [DE-80], the Fourth Circuit Court of Appeals vacated Caviness' sentence and remanded the case for re-sentencing. Caviness' re-sentencing hearing was held on March 1, 2012. At that time, Caviness was sentenced to 74 months' imprisonment. *See* Amended Judgment [DE-91].

On May 9, 2013, Caviness filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-114]. In his § 2255 motion, Caviness requests that this court enter an order directing the United States Probation Office to revise his Presentence Report to remove the "recency" points assessed under U.S.S.G. § 4A1.1(e) to allow a change in his prisoner classification. [DE-14-1 at 2-3.] In its Motion to Dismiss [DE-121], the Government contends that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that Caviness has failed to state a claim upon which relief can be granted.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to

2

relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## Discussion

### I. § 2255 Motion

#### A. Caviness Has Failed to State a Claim for Relief.

Prior to the so-called recency amendment, two points were added to a defendant's criminal history calculation when the defendant committed his offense less than two years after his release from imprisonment. *See* U.S.S.G. § 4A1.1(e); *Hernandez v. United States*, No. 5:12CV194-RLV, 2014 WL 2761308, at *7 (W.D.N.C. June 18, 2014). Effective November 1, 2010, the recency amendment eliminated these "recency points" from the Guidelines. *See* U.S.S.G. App. C, amend. 742; *Hernandez*, 2014 WL 2761308, at *7; *United States v. Jones*, No. 4:98CR89, 2010 WL 5057089, at *2 (W.D.N.C. Dec. 6, 2010).

Despite Caviness' argument to the contrary, a review of the record reveals that Caviness was not given any "recency" points under U.S.S.G. § 4A1.1(e). Rather, two points were added to Caviness' criminal history computation pursuant to U.S.S.G. § 4A1.1(d) because he was on

3

probation for assault on a female and assault to inflict serious injury. PSR ¶ 20. Accordingly, Caviness' claim lacks merit.

### B. Caviness' Claim is Barred By the Waiver in His Plea Agreement.

A waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See* United *States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.") The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Caviness' plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-50] at 1. At Caviness' Rule 11 hearing, the prosecutor read the terms of the plea agreement into the record. (April 13, 2010 Hearing [DE-67] at 19-22.) After Caviness, who was under oath, confirmed the substance of this agreement, the court explained to him that his

4

plea agreement had a provision by which he waived collateral review of his conviction and sentence, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct not know to him at that time. *Id.* at 23. Again, Caviness, who was under oath, confirmed his understanding of this waiver provision. *Id.*

Based on Caviness' sworn statements at the Rule 11 hearing, the court finds that his waiver was both knowing and voluntary. Moreover, even if it were not, Caviness is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

Citing *United States v. Marin*, 961 F.2d 493 (4th Cir. 1992), Caviness argues that his claim is not subject to waiver because it falls outside the scope of the waiver contained in his plea agreement. [DE-125 at 4-5.] In *Marin*, the Fourth Circuit held that "a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." 961 F.2d at 496. Caviness does not allege that his sentence exceeded the maximum statutory penalty or was based upon an impermissible factor such as race. Accordingly, Caviness has not stated a claim falling within the limited number of claims falling outside the scope of a waiver.

In sum, the court concludes that the claim Caviness has raised in his § 2555 motion does not deal with ineffective assistance of counsel, prosecutorial misconduct, or one of the limited number of claims that fall outside the scope of a waiver. Accordingly, pursuant to the waiver in his plea agreement, Caviness has waived the right to pursue this claim.

5

## II. Motion for Discovery

Also before the court is Caviness' Motion for Discovery [DE-126]. In his Motion for Discovery, Caviness requests that counsel be appointed to assist him in this case. [DE-126 at 2.] There is no constitutional right to counsel in § 2255 proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Williamson,* 706 F.3d 405, 416 (4th Cir. 2013). Accordingly, this request will be DENIED.

Caviness also requests the following discovery: documents and transcripts related to his sentencing, admissions and interrogatories from the United States Probation Officer involved in this case, and admissions and interrogatories from the prosecutor assigned to this case. [DE-126 at 2-3.] "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery." As noted, Caviness' § 2255 motion fails to state a claim upon which relief can be granted and is barred by the waiver in his plea agreement. For these reasons, Caviness' request for the above-stated discovery is DENIED.

## III. Motions to Amend

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross,* 313 F.3d 184, 198 n.15 (4th. Cir. 2002). "In either

6

situation, leave should be freely granted, and should be denied only where 'good reason exists ... , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.,* 240 F.3d 1268, 1278 (10th Cir. 2001) (internal quotation and citation omitted)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999). The court will address both of Caviness' Motions to Amend with this standard in mind.

### A. First Motion to Amend

In his first Motion to Amend [DE-124], Caviness argues that he is entitled to relief pursuant to *Alleyne v. United States,* — U.S. — , 133 S.Ct. 2151 (2013). [DE-124-1 at 3.] Caviness contends that he was illegally held accountable for conduct that was neither alleged in the indictment nor presented to a jury and proven beyond a reasonable doubt. *Id.* Specifically, Caviness argues:

> During the movant's sentencing, the movant was held accountable for drug conduct that was not alleged in his indictment, this unalleged conduct (FOUR OUNCES OF COCAINE BASE), was added to the enitile [sic] conduct of 27 grams of cocaine base to obtain an offense level of 28.

*Id.* at 2-3.

In *Alleyne,* the Supreme Court concluded that the trial court erred when it imposed a seven-year mandatory sentence on a § 924(c) conviction, on the basis that the jury had not found that the firearm had been brandished. 133 S.Ct. at 2156-58. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. 133 S.Ct. at 2162-63.

7

Caviness has failed to show that *Alleyne* offers him any relief. Initially, Caviness is not entitled to relief because *Alleyne* does not preclude a court from making the factual findings involved in determining relevant conduct. *See Alleyne*, 133 S.Ct. at 2163 (emphasizing that its ruling did "not mean that any fact that influences judicial discretion must be found by a jury"); *see also United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014) (declining to interpret *Alleyne* as overruling *Booker* to require that factual issues related to the determination of the defendant's advisory Guidelines range be submitted to a jury). Moreover, *Alleyne* does not help Caviness because it has not been made retroactively applicable to cases on collateral review. *See United States v. Stewart*, 540 Fed. Appx. 171, 172 n.1 (4th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Justices have decided other rules based on *Apprendi* do not apply retroactively on collateral review, which implies that the Court will not declare *Alleyne* to be retroactive). For these reasons, Caviness' first Motion to Amend [DE-124] is DENIED.

### B. Second Motion to Amend

In his second Motion to Amend [DE-128], Caviness alleges that his attorney provided ineffective assistance of counsel at his March 1, 2013 re-sentencing hearing.[1] [DE-128 at 2.] Specifically, Caviness contends that his attorney was aware that he did not receive a revised

---

[1] Caviness contends that the conduct at issue occurred during his re-sentencing hearing on March 1, 2013. [DE-128 at 1-3.] A review of the record reveals that his re-sentencing hearing actually occurred on March 1, 2012.

8

Presentence Report prior to his re-sentencing hearing, yet his attorney did not advise him to appeal the issue or file a notice of appeal on his behalf based on this issue. *Id.* at 1.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, Caviness' Amended Judgment [DE-91] was entered on March 1, 2012, and Caviness filed his second Motion to Amend on August 19, 2013, at the earliest.[2] Thus, Caviness filed his second Motion to Amend well beyond this one-year period. For this reason, Caviness has not shown that his motion is timely under § 2255(f)(1). Additionally, Caviness does not allege that governmental action impeded his ability to file the second Motion to Amend. Thus,

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Caviness dated his signature on the Motion to Amend as August 19, 2013. [DE-128 at 4.]

9

Caviness' motion is not timely under § 2255(f)(2). Caviness' motion is also untimely pursuant to § 2255(f)(3), as Caviness' motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. Finally, Caviness' Motion to Amend is also not timely pursuant to 28 U.S.C. 2255(f)(4). In sum, Caviness' second Motion to Amend was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is untimely.

The court further concludes that because the claim raised in Caviness' second Motion to Amend bears no relationship in law or fact to the claim asserted in his § 2255 motion, it is not possible that this new claim could relate back. Accordingly, Caviness' second Motion to Amend [DE-128] is DISMISSED as time-barred.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-121] is ALLOWED, and Caviness' § 2255 motion [DE-114] is DISMISSED. Additionally, Caviness' Motion for Discovery [DE-126] and first Motion to Amend [DE-124] are DENIED, and Caviness' second Motion to Amend [DE-128] is DISMISSED as time-barred. The court concludes that Caviness has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 27th day of September, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge